IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL A. GARTHWAITE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 11-1168 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| KASGRO RAIL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiffs Gail A. Garthwaite and Annamaria Michalowski ("Plaintiffs") bring the instant lawsuit against Defendant Kasgro Rail Corporation ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and the Pennsylvania Human relations Act, 43 P.S. 955, with respect to Defendant's alleged decision not to recall or rehire them based on their sex. (Doc. 8 at 1).

Before this Court is Defendant's motion to strike paragraphs 17 and 18 from the complaint. (Doc. 10). These paragraphs include allegations that male employees and supervisors at one of Defendant's manufacturing facilities made derogatory comments to Plaintiffs based on their gender. (Doc. 1 ¶¶ 17-18). The parties have stipulated explicitly that this cause of action is not based on a hostile work environment or harassment theory. (Doc. 8 at 1).

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While a court has considerable discretion to grant to deny a motion made pursuant to Rule 12(f), such motions are highly disfavored. <u>Medevac MidAtlantic v. Keystone Mercy</u>

Health Plan, --- F. Supp. 2d ----. No. 10-1036, 2011 WL 4395833, at *4 (E.D. Pa. Aug. 31, 2011). This is true even when a statement in the pleading "falls within the four corners" of the Rule itself. Id. It is well established that a court should grant such a motion "only when 'the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" Id. (quoting N. Penn Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994)). "A motion to strike should only be granted when it can be shown that the matter to be stricken 'is unworthy of consideration.'" Torso v. Ohio Nat'l Life Ins. Co., No. 03:2007-65, 2007 WL 1876521, at *2 (W.D. Pa. June 28, 2007) (Gibson, J.) (citing Burke v. Mesta Mach. Co., 5 F.R.D. 134, 138 (W.D. Pa. 1946)).

The statements in paragraphs 17 and 18 of the complaint arguably are relevant to Plaintiffs' claims against Defendant. See Walden v. Georgia-Pacific Corp., 126 F.3d 506, 521 (noting that stray remarks made by non-decisionmakers may constitute evidence of an atmosphere of discrimination, which "may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive") (internal quotes and citations omitted). As Plaintiffs concede, the contents of paragraphs 17 and 18 may properly be the subject of dispositive motions, or a motion *in limine*. See id. at 521-22. However, for the reasons stated above, striking them from the pleadings entirely at this stage in the litigation would be improper.

AND NOW, on this 3rd day of January, 2012,
IT IS HEREBY ORDERED that Defendant's motion to strike (Doc. 10) is DENIED.

BY THE COURT:

s\Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc (via ECF email notification):

All Counsel of Record